COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-337-CR

GLEN DALE BELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Glen Dale Bell of indecency by contact with a child under seventeen years of age, and after finding an enhancement paragraph true, the trial court sentenced him to life imprisonment.  In two points, Appellant contends that the evidence is legally and factually insufficient

to support his conviction.  Because we hold that the evidence is legally and factually sufficient, we affirm the trial court’s judgment.

The indictment alleged that 

on or about the 20th day of August 2005, [Appellant] did THEN AND THERE INTENTIONALLY, WITH THE INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF [Appellant], ENGAGE IN SEXUAL CONTACT BY TOUCHING ANY PART OF THE GENITALS OF [the complainant], A CHILD YOUNGER THAN 17 YEARS AND NOT THE SPOUSE OF [Appellant].

The complainant testified that when she was fifteen years old, she lived with her mother and Appellant, who was her stepfather, for about two weeks in August 2005 in Azle, Texas.  One day, he told her that he “wanted some pussy,” and she said, “No.”  Later, on another day, she gave him a hug, and then he touched her breast and her “coochie,” which term the complainant said she used to refer to her “pussy.”  The complainant confirmed that she meant by those terms that Appellant had touched her “on [her] genitals or [her] vagina[l] area.”  She testified that he touched her on her genitals, over her clothes, with his fingers for “not very long.”

The complainant also testified that on a later occasion when Appellant had told her to lie down in the couple’s bedroom, he had come in and again told her that “he wanted some pussy.”  She testified that he touched her that day on top of her clothes, rubbing and feeling on her genitals for two or three minutes.

The complainant testified that he touched her “private area” two or three times in all, always in her mother and Appellant’s bedroom, and that both incidents described above happened in Azle in August 2005, during the “couple of weeks” that she was living with Appellant and her mother in a trailer.  The complainant also identified Appellant in court.

The complainant’s testimony conflicted with her sworn statement given to CPS in September 2005.  In that statement, she claimed that Appellant had touched her private area on top of her clothes two or three times while they were sitting on the couch in the living room.  In her testimony, she denied telling CPS that, stating that those instances involved him touching her inner thigh near her genitals, not her genitals.  The complainant’s testimony also appeared to have some possible internal inconsistencies regarding how many times Appellant said that he “wanted some pussy,” where he said it, and where the various acts described above occurred.

Timothy D. Mustgrave, who had known Appellant for about two years and had seen him at least monthly, testified that on September 23, 2005, Appellant told him that

he had had a relationship with a 16-year-old girl that lived in his home, that he was common-law married to the little girl’s mother[,] and on this one occasion or around in that same time frame, he had touched her butt and she had . . . done likewise with him.  He admitted that that was very inappropriate, and then admitted that he had gone to her bedroom, I believe it was, to console her when her mother had gotten on to her.  He had patted her on the leg, and then ran his hand up under her skirt, but over her panties . . . and fondled her vagina [sic].  . . . When she said stop, he says that he stopped immediately.

Appellant also told Mustgrave that he was attracted to the girl and that the incident had happened somewhere between August 1 and August 23, 2005. 

Shawn Braun testified that he had known Appellant since 2003 and had seen him weekly from October 2003 until September 2005.  Braun testified that on September 24, 2005, Appellant told him that “[the complainant] came into his room and sat down beside him.  At which time, he put his hand on her leg and ran his hand up underneath her shorts, touched her vagina [sic] and rubbed her vagina [sic] for sexual purposes.”

Andy Sheppard testified that he knew Appellant and that on September 20, 2005, Appellant told him that “he rubbed [the complainant’s] vagina [sic] while sitting next to her on a bed, and he did that for a couple of seconds.”  Sheppard testified that Appellant had said the incident occurred on “his bed.”

Michael Claylynn Corsey, a detective with Crimes Against Children of the Tarrant County Sheriff’s Office, testified that the address where the incident was reported to have occurred is in Tarrant County.

When asked to elect the primary offense before trial began, the State chose the “incident that [Appellant] admitted to where he touched the victim’s vagina [sic] in the bedroom.”

Based on the appropriate standards of review,
(footnote: 2) we hold that the evidence is legally and factually sufficient to support Appellant’s conviction.  We therefore overrule his two points and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 26, 2007

FOOTNOTES
1:
See 
Tex. R. App.
 P. 47.4.

2:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both providing legal sufficiency standard of review); 
Watson v. State
, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 8-9, 11-12 (Tex. Crim. App. 2000); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review).